The People of Puerto Rico, Plaintiff and Appellee, *v.*
Juan Cupril Oliveras, Defendant and Appellant.

No. 7931.  Argued December 14, 1939.—Decided June 18, 1940.

*Oscar Souffront* for appellant.  *R. A. Gómez, Prosecuting Attorney,*
for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Cupril Oliveras was convicted of slander.  He submits
that the district court erred in overruling a demurrer for
failure to charge an offense.

The complaint charged that Cupril Oliveras, in a public
meeting, from a platform used by him and other speakers
who addressed the meeting, made the following statement
addressed to and against Antonio Soto, at the time a mem-
ber of the Mayagüez Municipal Assembly:

"That Antonio Soto had sold himself to Mr. Valdés for a furni-
ture store on Libertad Street."

Sections 1 and 2 of "An Act to define and punish
the crime of slander", approved March 9, 1911 (now a part

of section 254 of the Penal Code, 1937 edition, 172) read as follows:

"Section 1.—Slander is a false and malicious utterance made by word of mouth in a public manner against a natural person or a body corporate whereby said natural person or body corporate is charged with the commission of a deed punishable by law.

"Section 2.—Slander is also a tale or report maliciously and publicly made tending to injure the honor, reputation or worthiness of a natural person or body corporate."

In Newell, Slander and Libel, pp. 362, 754, sections 342 and 752, we read:

"Section 342.—A General Rule of Construction.—Shaw, C. J.: It is a general rule of construction in action of slander, indictments for libel and other analogous cases, where an offense can be committed by the utterance of language, orally or in writing that the language shall be construed and understood in the sense in which the writer or speaker intended it. If, therefore, obscure and ambiguous language is used, or language which is figurative or ironical, courts and juries will understand it according to its true meaning and import, and the sense in which it was intended to be gathered from the context, and from all the facts and circumstances under which it was used.

"Section 752.—The Office of the Innuendo.—The office of an innuendo is to define the defamatory meaning which the plaintiff seeks to put upon the words complained of, to show how they come to have the defamatory meaning claimed for them, and also to show how they relate to the plaintiff, whenever that is not clear upon the face of them. But an innuendo must not introduce new matter, or enlarge the natural meaning of words. It must not put upon them a construction which they will not bear. It cannot alter or extend the sense of the defamatory words, or make that certain which is in fact uncertain. If the words are incapable of the meaning ascribed to them by the innuendo, and are prima facie not actionable, the judge at the trial will sometimes order a nonsuit. But if the words are capable of the meaning ascribed to them, however improbable it may appear that such was the meaning conveyed, it is properly the province of the jury to say whether they were in fact so understood.

"The office of the innuendo is to aver the meaning of the language published. Therefore, if the meaning of the language is plain,

no innuendo is needed. The use of it can never change the import of the words, nor add to nor enlarge their sense. 'An innuendo helps nothing unless the words to which it applied have a violent presumption of the innuendo.' If the common understanding of men takes hold of the published words and at once applies without difficulty or doubt a libelous meaning thereto, an innuendo is not needed and would be but useless surplusage in pleading.''

By the terms of section 71 of the Code of Criminal Procedure (1935 ed.):

''The information must contain:
''   *      *      *      *      *      *      *
''2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.''

Sections 82, in part, and 83 read as follows:

''Section 82.—The information is sufficient if it can be understood therefrom:
''   *      *      *      *      *      *      *
''6.—That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

''7.—That the act or omission charged as the offense, is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case.

''Section 83.—No information is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of the rights of the defendant upon its merits.''

Here we have before us not an information but a complaint. This complaint was not filed by a district attorney but by Soto himself, the furniture dealer and member of the Municipal Assembly of Mayagüez. This court has repeatedly held that it will not scrutinize such a complaint for defects in the same manner that it would scrutinize an information couched in the same or similar words.

118

■ To say that a businessman or a would-be businessman, who is also a municipal assembly man, has sold himself for a furniture store, does not mean that the vendor of the furniture store has bought a chattel as a century since he might have bought a slave; nor does it mean that the purchaser of the furniture store has sold his services as a furniture dealer or as a businessman, or that thereafter his time would not be his own, or that thereafter the conduct of his furniture business or any business other than his official business, would be controlled, interfered with, or influenced in any way by his vendor. It does mean that the municipal assembly man has sold his freedom of thought and action as a member of the municipal assembly; in other words, that he had accepted a bribe. It would be so understood, we think, by any defendant of common understanding. Such a statement addressed to one who was at the time a municipal assembly man, referred to him in his official capacity, not as an individual or as the new owner of the furniture store. It would be so understood, we think, by any defendant of common understanding already informed by the context that the purpose of the complaint is to charge him with slander.

See also *Torres* v. *Lugo*, 56 P.R.R. 842.

The only other contention is that the judgment of conviction is not supported by the evidence. We have examined the evidence and find it sufficient.

The judgment appealed from must be affirmed.

Mr. Justice Travieso dissented.